## Richmond.

### CATHERINE BUNDICK v. COMMONWEALTH.

#### NOVEMBER 23, 1899.

1. CRIMINAL LAW—*Burglary—Case at Bar—Evidence Insufficient.*—The evidence in the case at bar is insufficient to convict the plaintiff in error of burglary. The footprints found are not shown to have been hers. A two-dollar bill found in her possession the next day, and about which she made conflicting statements, is not identified as the same note stolen when the house was entered, and other articles found in her possession, belonging to inmates in the house in which she had been a servant, are not shown to have been in the house when entered. Although she knew where the owner of the house kept his money, and also the tools with which the house was broken, all of the employees about the house had the same knowledge.

Error to a judgment of the Circuit Court of Northampton county, rendered April 20, 1899, affirming the judgment of the County Court of said county, by which latter judgment the plaintiff in error was sentenced to the penitentiary for five years for burglary.

*Reversed.*

The opinion states the case.

*E. J. Spady,* for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

The plaintiff in error, Catherine Bundick, was jointly indicted with her husband, Robert Bundick, in the County Court of Northampton county, for housebreaking in the night-time, with intent to commit larceny, and the jury returned a verdict of guilty, and ascertained her punishment at five years confinement in the penitentiary. A motion for a new trial was made, and refused by the County Court; and, upon application to the judge of the Circuit Court of Northampton county, a writ of error to the judgment of the County Court was granted, and, upon a hearing, the judgment of the County Court was affirmed. To this action of the Circuit Court a writ of error was awarded by one of the judges of this court.

The record in this case is the same as that in the case of Robert Bundick (just disposed of by this court), except that there are two exceptions taken to the rulings of the County Court admitting certain evidence introduced on behalf of the Commonwealth, but these exceptions need not be considered, as the case may as well be disposed of upon the question whether or not the evidence is plainly insufficient to sustain the verdict of the jury.

The dwelling-house of John W. Tankard, situated in the county of Northampton, was entered in the night-time of January 24, 1899, and certain money and bonds taken therefrom. One package of the money consisted of a $10 note, a $5 note, and a $2 note; another package contained the sum of $300, consisting of gold and paper money, the latter in denominations not smaller than $5, was in another pocket book, and the notes or bonds in still another. Footprints of several persons were found the next morning after the offence on the ground under the window through which entrance was effected into the room containing the secretary from which the money and bonds were

taken, and, in the opinion of some of the witnesses, one of the persons who made these footprints was a woman; but, if it be conceded that this was a fact proved, the evidence utterly fails to establish as a fact that any of the footprints were those of the plaintiff in error.

True, it is shown that she was familiar with the premises of Mr. Tankard; knew where he kept his tools with which an entrance into his dwelling was effected, and knew where he kept his money, she having lived with him as a servant some time prior to December 25, 1898, when she moved to her husband's home, two and a half miles away, but it is also shown by Mr. Tankard himself, that all the employees about his premises had the same knowledge, and that all persons who worked for him saw him get money out of his secretary.

The remaining circumstances relied on to establish the guilt of plaintiff in error are, first, that a $2 note was found in her possession, at her house in her pocket book, when her house was searched the next day, and she made conflicting statements as to the source from which she obtained the $2 note; second, a handkerchief was also found in her house, which proved to be the property of a granddaughter of Mr. Tankard, who lived with him, and some pillow-slips, sheets, and, perhaps, other articles of domestic use, the property of Mr. Tankard, were found a short distance from her house.

There is no evidence whatever to show that the handkerchief, pillow-slips, &c., were in the house of Mr. Tankard the night it was entered, and his money and bonds taken, and there is the absence of all proof to identify the $2 note found in the pocket book of plaintiff in error, as part of the money stolen.

We are, therefore, of opinion that the evidence in this case is plainly insufficient to sustain the verdict of the jury, and the judgment of the County Court of Northampton county, and of the Circuit Court of said county affirming the same, must be

reversed and annulled, and this court, proceeding to enter such judgment as the Circuit Court should have entered, it is ordered that the said judgment of the County Court be reversed and annulled, and a new trial awarded the plaintiff in error.

*Reversed.*